COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


VIRGINIA RETIREMENT SYSTEM

<table>
<tr><td></td><td>OPINION BY</td></tr>
<tr><td>v.     Record No. 2119-08-1</td><td>JUDGE JAMES W. HALEY, JR.</td></tr>
<tr><td></td><td>MAY 19, 2009</td></tr>
<tr><td>SUSAN E. CIRILLO</td><td></td></tr>
</table>


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John E. Clarkson, Judge Designate

Brian J. Goodman, Legal Affairs & Compliance Coordinator
(Robert F. McDonnell, Attorney General, on brief), for appellant.

Arnold H. Abrons (Abrons, Fasanaro & Sceviour, P.L.L.C., on
brief), for appellee.


I.

The Virginia Retirement System (VRS) maintains:  (1) the trial court erred in concluding

that the administrative decision denying benefits to Susan E. Cirillo (Cirillo) did not comply with

Code § 2.2-4019(A)(v) of the Virginia Administrative Process Act (VAPA) requiring Cirillo be

informed "briefly and in writing, of the factual or procedural basis" of that decision; (2) even

assuming the trial court was correct as to its initial decision, authorized by Code § 2.2-4027 of

the VAPA, that court, nonetheless, exceeded its remedial authority under Code § 2.2-4029 in

directing the VRS to make disability payments to Cirillo; and (3) the trial court erred in reversing

the administrative decision by employing an erroneous standard of review.

We affirm in part and reverse in part.

## II.

## VRS

Structurally, a Board of Trustees administers the VRS.  Code § 51.1-124.22.  The Board of Trustees may create Medical Boards.  Code § 51.1-124.23(A).  Medical Boards review medical reports, examinations, claimant statements, etc., with respect to claims for disability retirement and submit to the Board of Trustees "a written report as to its conclusions and recommendations."  Code § 51.1-124.23(B).  A Medical Board is "a neutral evaluatory mechanism for the Retirement System to gather and analyze medical opinions and reports." Johnson v. Virginia Retirement Sys., 30 Va. App. 104, 112, 515 S.E.2d 784, 788 (1999).  These Medical Board reports, and the material upon which they are based, are sent to the Director of the VRS, appointed by the Board of Trustees, for consideration in his final administrative decision.  See Code § 51.1-124.22(A)(1).

## III.

## FACTS

We only recite those facts necessary for determination of the issues raised.

Cirillo moved from California in August 2002, began work that month in the Chesapeake Public Schools System, and ceased working in December 2003.

On March 24, 2004, Cirillo filed for disability benefits pursuant to the provisions of Code § 51.1-156(E).  Succinctly stated, this code section recites two substantive requirements to justify disability payments:  (1) that claimant is mentally or physically incapacitated for the further performance of duty; and (2) that incapacity is likely to be permanent.  However, an award under this section is subject to the following exception:  "A member shall not be retired for disability for any condition which existed at the time of becoming a member unless medical evidence,

- 2 -

convincing to the Board, supports the fact that the pre-existing condition has worsened substantially."  Code § 51.1-156(E).

On April 7, 2004, a Medical Review Board denied Cirillo's application for disability benefits.  Upon receipt of this denial, Cirillo filed additional information for review.  On May 12, 2004, the Board again denied the application.  Cirillo filed further information.  She followed this procedure after denials dated August 11, 2004, November 10, 2004, May 10, 2006, June 7, 2006, and February 21, 2007.  Following a May 15, 2006 informal fact-finding proceeding pursuant to Code § 2.2-4019, the fact finder recommended that Cirillo's application be granted.

On March 9, 2007, VRS issued a final case decision.  The basis, or rationale, of that decision was contained in one paragraph:

> Based on the VRS review and contrary to the recommendation of the independent fact-finder, regular disability retirement benefits are denied.  The medical evidence has not satisfied each element of § 51.1-156(E) of the Code of Virginia.  This was evidenced by the conclusion of the Medical Review Board on seven occasions.  It is the applicant's burden to prove every element required by § 51.1-156(E) to sustain an approval for disability retirement benefits.

Cirillo appealed to the circuit court, pursuant to the provisions of the VAPA, Code § 2.2-4000 *et seq.*

By order entered August 8, 2008, the trial court found:  (1) that VRS had committed an error of law in that the language of the final case decision of March 9, 2007, quoted above, violated VAPA because it did not "set forth the basis upon which it purports to rest with such clarity as to be understandable," citing Harrison v. Ocean View Fishing Pier L.L.C., 50 Va. App. 556, 651 S.E.2d 421 (2007); and (2) that VRS "has not in fact met its legal burden to present evidence . . . in the record . . . that is legally sufficient to support its denial, and that in fact the record in great part supports the Petitioner's application."

With these findings, the trial court reversed the decision of the VRS and "awarded Cirillo

all regular disability retirement benefits in accordance with her original application . . . ."

On October 2, 2008, the trial court signed a statement of facts, endorsed by counsel.

Therein it is recited that the hearing in this cause was an informal hearing pursuant to Code

§ 2.2-4019, not a formal hearing pursuant to Code § 2.2-4020.[1]

III.

ANALYSIS

A.

Issues of law for court review of administrative action, pursuant to Code § 2.2-4027

include "(ii) compliance with statutory authority . . . [and] . . . (iii) observance of *required*

*procedure* where any failure therein is not merely harmless error."  (Emphasis supplied).

---

[1] Code § 2.2-4020(B) (dealing with formal hearings) contains explanatory requirement language apparently more expansive than that contained in Code § 2.2-4019(A)(v) (dealing with informal hearings).  Pursuant to the former, a decision must "briefly state . . . the findings, conclusions, reasons or basis therefor upon the evidence presented . . . and relevant to the basic law under which the agency is operating."  Code § 2.2-4020(E).  Harrison, cited by the trial court in its order, involved a Code § 2.2-4020 formal hearing.  As noted, the trial court signed a statement of facts memorializing that the decision here arose following a Code § 2.2-4019 informal hearing.  Counsel have briefed and argued the matter based on that statute.

Despite the apparently less explanatory language requirement in Code § 2.2-4019, we find this Court's opinions concerning Code § 2.2-4020 persuasive because the underlying statutory principle in both is the same:  An administrative agency must offer a basis for its decision, understandable to a party and capable of proper review by a court.  See Roanoke Memorial Hospitals v. Kenley, 3 Va. App. 599, 609, 352 S.E.2d 525, 531 (1987) ("Whether reviewing the Commissioner's decision as if a formal proceeding had been conducted pursuant to Code § 9-6.14:12 [now Code § 2.2-4020] or an informal proceeding conducted pursuant to Code § 9-6.14:11 [now Code § 2.2-4019] the circuit court was required to determine whether the Commissioner had complied with statutory or legal authority in reaching his decision.").

The federal APA, 5 U.S.C. § 551 *et seq*., likewise, has different explanatory requirements for formal and informal proceedings.  See Pension Benefit Guaranty Corp. v. LTV Corp., 496 U.S. 633, 653-56 (1990), and its progeny.  See also Richard J. Pierce, Administrative Law Treatise, Volume 1, § 8.5, at 546-51 (4th ed. 2002).

Code § 2.2-4019(A)(v), dealing with informal administrative decisions, requires that a party "be informed, briefly and generally in writing, of the factual basis for an adverse decision . . . ."

As noted above, the trial court relied upon Harrison as a basis for its decision. There the ABC Board had placed time restrictions upon a permit for restaurant operations. Based upon Code § 2.2-4027 and Code § 2.2-4020, we reversed the agency decision, and remanded the cause to the circuit court, with directions to remand to the agency, because the ABC Board failed to "make findings of fact to support the restrictions" imposed in the permit as required by Code § 2.2-4020. 50 Va. App. at 576, 651 S.E.2d at 431.

Likewise, in NRV v. Virginia Department of Health, 51 Va. App. 514, 535, 659 S.E.2d 527, 537 (2008), we reversed and remanded with directions to remand to the agency for the agency to comply with Code § 2.2-4020 by explaining the reasons for its departure from its prior precedents. See also Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 384, 363 S.E.2d 433, 438 (1987).

The statutory requirement for agency explanation of agency decisions was set forth by the United States Supreme Court in SEC v. Chenery Corp., 332 U.S. 194, 196-97 (1947):

> If the administrative action is to be tested upon the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can it be expected to chisel that which must be precise from what the agency has left vague and indecisive.

See also Massachusetts v. EPA, 549 U.S. 497, 534 (2007) (holding the EPA acted arbitrarily and capriciously when it "offered no reasonable explanation for its refusal to decide whether greenhouse gases cause or contribute to climate change"); Motor Vehicle Mfrs. Ass'n v. State

Farm Mut. Auto. Ins. Co., 463 U.S. 29, 48 (1983) (noting that "[w]e have frequently reiterated that an agency must cogently explain why it has exercised its discretion in a given way").

The basis of a decision is the rationale, or *ratio decidendi*, of that decision. Black's Law Dictionary 1262 (6th ed. 1990), defines *ratio decidendi* as "the ground or reason of the decision." This Court has defined *ratio decidendi* as "[t]he essential rationale in the case that determines the judgment." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003). See also Vienna Council v. Kohler, 218 Va. 966, 972, 244 S.E.2d 542, 545 (1978) ("The rationale of the trial court's decision can be clearly found within its first nine findings of fact."); Virginia Power v. Dungee, 258 Va. 235, 251, 520 S.E.2d 164, 173 (1999) ("language in an opinion is meant to provide a rationale for a decision"); City of Virginia Beach v. Harris, 259 Va. 220, 231, 523 S.E.2d 239, 245 (2000) ("The following excerpts from the court's letter opinion underscore its rationale."). In Giannoukos v. Virginia Bd. of Medicine, 44 Va. App. 694, 699, 607 S.E.2d 136, 138 (2005), referring to the phrase "case decision" as set forth in Code § 2.2-4001, we wrote "At the 'heart' of a case decision 'is a fact determination respecting compliance with law.' Kenley v. Newport News Hosp. Assoc., 227 Va. 39, 44-45, 314 S.E.2d 52, 55 (1984) (quoting reviser's note D to predecessor statute Code § 9-6.14:4)."

There were three rationales by which VRS could deny Cirillo's application pursuant to Code § 51.1-156(E): They could determine Cirillo was not incapacitated. They could determine Cirillo was incapacitated, but that incapacity was not "likely to be permanent." They could apply the exception, that is, a pre-existing condition has not "worsened substantially." Had VRS chosen to explain the basis for its decision, citing one or more of the rationales above, perhaps with short references to specifics in the record, as required by Code § 2.2-4019, Cirillo, and a reviewing court, would have been "[i]nformed, briefly and generally in writing, of the factual or

procedural basis for an adverse decision . . . ." Neither she nor the trial court was so informed.

For example, and by contrast, in <u>Johnson</u>, 30 Va. App. 104, 515 S.E.2d 784, this Court affirmed a trial court's decision affirming a VRS denial of benefits sought pursuant to Code § 51.1-156. We noted in that opinion that "the Retirement System informed Johnson that '[t]he medical evidence has not proved that your incapacity is likely to be permanent . . . ." <u>Id.</u> at 109, 515 S.E.2d at 787.

For these reasons, we conclude that VRS committed a procedural error of law for failing to adequately comply with the explanatory requirements of Code § 2.2-4019(A)(v); that is, by failing to provide in writing "the factual or procedural basis for an adverse decision . . . ."

As quoted above, Code § 2.2-4027(iii) further requires that any procedural error be "not mere harmless error."

In <u>Jones v. West</u>, 46 Va. App. 309, 327, 616 S.E.2d 790, 799 (2005), we noted that:

> Although what constitutes "mere harmless error" under the Administrative Process Act is not amenable to precise definition and inevitably requires a case-by-case analysis, it is clear that procedural violations that "could have had a significant impact on the ultimate decision so as to undermine the 'substantiality of the evidential support' for the factual findings are not mere harmless error, <u>Virginia Board of Medicine v. Fetta</u>, 244 Va. 276, 283, 421 S.E.2d 410, 414 (1992).

(Citation omitted).

In <u>J.B. v. Brunty</u>, 21 Va. App. 300, 305, 464 S.E.2d 166, 169 (1995), we stated that: "[t]he party seeking review of required agency *procedure* must demonstrate such failure was *not mere harmless error.* In this case, appellant points to no infringement of his rights, other than claiming his reputation was tainted for a needlessly prolonged time period." (emphasis in original).

More generally, under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the court's result. Blue Stone Land Co. v. Neff, 259 Va. 273, 279, 526 S.E.2d 517, 519 (2000); Rhodes v. Painter, 234 Va. 20, 24, 360 S.E.2d 174, 176 (1987); see Holmes v. LG Marion Corp., 258 Va. 473, 483, 512 S.E.2d 528, 525 (1999); Forbes v. Rapp, 269 Va. 374, 382, 611 S.E.2d 592, 597 (2005). See also Monahan v. Obici Medical Mgmt. Services, 271 Va. 621, 632 n.10, 628 S.E.2d 330, 338 n.10 (2006) ("this ruling was harmless error as it did not affect the ultimate conclusion").[2]

We conclude the failure of VRS to inform Cirillo, "briefly and in writing, of the factual or procedural basis" of the rationale for its decision is not "mere harmless error." Cirillo could not know on which of the three potential rationales for denial VRS based its decision denying her benefits. Thus, upon her appeal to circuit court, she was denied her right to intelligently marshal

---

[2] Indeed, the line between what is a substantive administrative error and a procedural administrative error is often hard to discern.

Thus, in Browning-Ferris Ind. v. Residents Involved in Saving the Env't, 254 Va. 278, 492 S.E.2d 431 (1997), Code § 10.1-1408.1(D), a portion of the Virginia Waste Management Act, required the Director of the Department of Environment Quality, to make an "explicit finding" that the proposed facility poses "no substantial present or potential danger to human health or the environment." The Director did not do so. The issuance of the permit was challenged on the basis that this failure was a violation of Code § 9-6.14:17(ii) (now Code § 2.2 4027(ii)); that is, agency failure to comply with statutory authority. The Virginia Supreme Court agreed, and concluded:

> Finally, we disagree with [the] assertion that the Director's failure
> to make an explicit determination . . . was harmless error under
> Code § 9-6.14:17(iii) [now Code § 2.2-4027(iii)]. That provision
> subjects the failure to comply with required *procedures* to a
> harmless error analysis. Here, however, the statutory compliance
> issue involves a substantive provision which is a prerequisite to the
> issuance of a permit.

Id. at 285, 492 S.E.2d at 435. See also Volkswagen of America v. Smit, 266 Va. 444, 453, 587 S.E.2d 526, 531-32 (2003).

facts in the agency record supportive of her position, and that denial could have had, and may in the future have, a significant impact upon a circuit court decision.

Furthermore, the violation of Code § 2.2-4019(A)(v), by depriving the trial court of the rationale of the administrative decision, impeded that court in application of the substantive evidence rule in reviewing that decision. A circuit court reviews an administrative decision as an appellate court reviews a trial court decision. In Puckett v. Commonwealth, 134 Va. 574, 579-80, 113 S.E. 853, 854 (1922), the then Virginia Supreme Court of Appeals quoted from Clements v. Hearne, 45 Tex. 415 (1876), as follows: "'To require the appellee or the court to hunt through the record for every conceivable error which the court below may have committed . . . would obviously be unreasonable and oppressive on the party recovering judgment, and most burdensome on this court, unnecessarily impeding the progress of its business . . . .'" See also Nicholas v. Harnsberger, 180 Va. 203, 208, 22 S.E.2d 23, 25 (1942); Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) ("We do not deem it our function to comb through the record . . . in order to ferret-out for ourselves the validity of these claims . . . ."); Mullin v. Mullin, 45 Va. App. 289, 306, 610 S.E.2d 331, 339 (2005). As a consequence, Cirillo's right to an appropriate review by a circuit court was, likewise, compromised by the violation of Code § 2.2-4019(A)(v).

Finally, this Court has already held, in Harrison, that the failure of an agency to meet the requirements of Code § 2.2-4020 is not harmless error:

> Nevertheless, in order to support the imposition of restrictions on the licenses, the APA required the Board to "briefly state . . . the findings, conclusions, reasons, or basis [for the restrictions] upon the evidence presented by the record and relevant to the basic law under which the agency is operating." Code § 2.2-4020. Failure to make such findings is not harmless error . . . .

- 9 -

Harrison, 50 Va. App. at 574-75, 651 S.E.2d at 430. "'If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which [the legislature] has set aside exclusively for the administrative agency.'" Id. at 575, 651 S.E.2d at 430 (quoting Chenery, 332 U.S. at 196). We believe this reasoning applies with equal force to VRS's failure to comply with Code § 2.2-4019(A)(v).

Accordingly, that finding of law by the trial court is affirmed.

B.

Nonetheless, the remedy granted by the trial court for this error was not authorized by statute or case law.

Code § 2.2-4029 states in relevant part that when a court has determined an agency has committed an error of law, that court:

> may compel agency action unlawfully withheld . . . *except that the court shall not itself undertake to supply agency action committed by the basic law to the agency*. Where . . . a case decision is found by the court not to be in accordance with law under § 2.2-4027, *the court shall suspend or set it aside and remand the matter to the agency* for further proceedings, if any, as the court may permit or direct in accordance with law.

(Emphasis supplied).

Here, as noted, the trial court reversed the VRS decision and awarded benefits. Both remedies constitute error.

As we stated in Virginia Imports v. Kirin Brewery of America, 41 Va. App. 806, 831, 589 S.E.2d 470, 482 (2003):

> If a court finds that an agency has failed to comply with statutory authority, "the court shall suspend or set the decision aside and remand the matter to the agency." Virginia Bd. of Medicine v. Fetta, 244 Va. 276, 280, 421 S.E.2d 410, 412 (1992);

- 10 -

Code § 2.2-4029.  Hence, having found in this case that the ABC Board had "failed to address and rule upon all the issues raised by Kirin with respect to its grounds for termination of the agreement," the circuit court, rather than imposing its own judgment on the matter, should have suspended the ABC Board's decision and remanded the matter back to the ABC Board with instructions to make the additional required factual determinations.

See also Fetta, 244 Va. at 280, 421 S.E.2d at 413 ("The court itself may not undertake the agency action directly."); NRV, 51 Va. App. at 534; 659 S.E.2d at 537; Harrison, 50 Va. App. at 575-76, 651 S.E.2d at 431.

Accordingly, we reverse the decision of the trial court reversing the VRS decision and we remand to the trial court with directions to set aside the decision of the VRS and to remand to VRS for compliance with Code § 2.2-4019(A)(v).  We further reverse the decision of the trial court ordering the payment of disability benefits.

C.

Code § 2.2-4027 begins:  "The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court."

Among designated errors of law subject to review is:  "(iv) the substantiality of the evidentiary support for findings of fact."  Continuing, the statute expounds:

When the error on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.

Virginia appellate courts have repeatedly and consistently set forth this standard of review for agency factual determinations.

In Doctors' Hospital v. Stroube, 52 Va. App. 599, 607, 665 S.E.2d 862, 865-66 (2008), we stated:

- 11 -

Under this standard of review, this Court will reject an agency's finding "'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" Tidewater Psychiatric Inst. v. Buttery, 8 Va. App. 380, 386, 382 S.E.2d 288, 291 (1989) (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 288, 291 (1983)). "Substantial evidence" refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bio-Medical Applications of Arlington, Inc. v. Kenley, 4 Va. App. 414, 427, 358 S.E.2d 722, 729 (1987).

Thus, "[u]nder VAPA, the circuit court reviews the agency's action in a manner 'equivalent to an appellate court's role in an appeal from a trial court.'" Mattaponi Indian Tribe v. Dep't of Envtl. Quality ex rel. State Water Control Bd., 43 Va. App. 690, 707, 601 S.E.2d 667, 676 (2004) (citations omitted), aff'd sub nom Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality ex rel. State Water Control Bd., 270 Va. 423, 621 S.E.2d 78 (2005). The circuit court has no authority under VAPA to reweigh the facts in the agency's evidentiary record. Boone v. Harrison, 52 Va. App. 53, 61-62, 660 S.E.2d 704, 708 (2008). See also Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1998) ("The sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision."); Smith v. Dept. of Mines, Minerals & Energy, 28 Va. App. 677, 685, 508 S.E.2d 342, 346 (1998) ("The burden of proof rests upon the party challenging the agency determination to show that there was not substantial evidence in the record to support it."); Bias, 226 Va. at 269, 308 S.E.2d at 125 ("The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion.'" (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (emphasis in original)).

In this case, the trial court's order recited that VRS "has not met its legal burden to present evidence . . . in the record . . . that is legally sufficient to support its denial and that in fact the record *in great part supports* the Petitioner's application." (Emphasis supplied). This

- 12 -

language makes clear that the trial court re-weighed the evidentiary record and applied a preponderance of the evidence standard in reviewing the agency decision, rather than the appropriate substantial evidence standard set forth above. Accordingly, the decision of the trial court reversing the VRS decision is reversed.[3]

V.

CONCLUSION

In summary: (1) the decision of the circuit court that VRS violated the provisions of Code § 2.2-4019(A)(v) is affirmed; (2) the decision of the circuit court reversing the decision of VRS is reversed; (3) the decision of the circuit court awarding benefits is reversed; and (4) this cause is remanded to the circuit court with directions to set aside the decision of the VRS and to remand the same to VRS directing its compliance with Code § 2.2-4019(A)(v).

<u>Affirmed in part,
reversed and
remanded in part.</u>

---

[3] As the Virginia Supreme Court wrote in <u>Bias</u>: "The circuit court's ruling reflects a misconception of the limited role of a court reviewing a decision by an administrative agency, on the agency's record, pursuant to the Administrative Process Act . . . ." <u>Bias</u>, 226 Va. at 268, 308 S.E.2d at 125.