## CIRCUIT COURT OF FAIRFAX COUNTY

Carla Ann Uss

v.

Virginia Retirement System

March 28, 2011

Case No. CL-2010-16662

By Judge Jonathan C. Thacher

This is an appeal from a decision of the Virginia Retirement System ("VRS") denying the application for disability retirement filed by Carla Ann Uss. After reviewing the administrative record and considering counsel's arguments, the Court affirms the VRS' decision.

The Administrative Process Act ("APA") governs appeals from decisions of the VRS. *Cronise v. Virginia Ret. Sys.*, CL07-484, 2007 Va. Cir. LEXIS 181, at *2 (Va. Cir. Nov. 15, 2007); *see Johnson v. Virginia Ret. Sys.*, 30 Va. App. 104, 109-10, 515 S.E.2d 784, 787 (1999). Under the APA, a circuit court's review of an agency decision is quite limited, with § 2.2-4027 of the Code of Virginia circumscribing the court's discretion as follows:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and

the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

Notably, circuit courts have no authority under the APA to reweigh facts in the evidentiary record. *See Boone v. Harrison*, 52 Va. App. 53, 61-62, 660 S.E.2d 704, 708 (2008). Rather, the court functions in a manner similar to an appellate court when reviewing the actions of an administrative agency such as the VRS. *Virginia Ret. Sys. v. Cirillo*, 54 Va. App. 193, 207, 676 S.E.2d 368, 375 (2009).

In this appeal, Ms. Uss has alleged two errors of law. (Ms. Uss's brief actually alleges five "issues" on appeal. These issues, however, collectively allege only two errors of law.) First, Ms. Uss claims that the VRS decision denying her disability retirement is not supported by substantial evidence. Second, Ms. Uss argues that the VRS "violated due process" by accepting evidence from the independent fact finder that was gathered in violation of an evidentiary deadline. Each of these alleged errors is separately discussed below.

*Ms. Uss's First Argument: The VRS Decision Denying Her Disability Retirement Is Not Supported by Substantial Evidence*

To receive disability retirement from the VRS, applicants must submit their claims to the VRS within ninety days after termination. Va. Code Ann. § 51.1-156(A) (2011). The standard used for determining whether an applicant is entitled to disability retirement is found in Va. Code § 51.1-156(E), which states:

After a medical examination of the member or after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired. A member shall not be retired for disability for any condition which existed at the time of becoming a member unless medical evidence, convincing to the Board, supports the fact that the pre-existing condition has worsened substantially.

Succinctly stated, this code section recites two substantive requirements to justify disability payments: (1) that claimant is mentally

or physically incapacitated for the further performance of duty; and (2) that incapacity is likely to be permanent. Moreover, the applicant bears the burden of proving these requirements. *See Mooney v. Virginia Ret. Sys.*, CH01-003050, 2005 Va. Cir. LEXIS 256, at *5-8 (Greene County Cir. Ct. Dec. 20, 2005).

Virginia Code § 51.1-156(E) also contemplates the use of a "Medical Board." Va. Code § 51.1-124.23 specifically authorizes the VRS to create Medical Boards consisting of independent physicians to assist the VRS in analyzing an applicant's medical record. Va. Code Ann. § 51.1-124.23(A) (2011). Medical Boards review medical reports, examinations, claimant statements, etc., with respect to claims for disability retirement and submit to the VRS "a written report as to its conclusions and recommendations." *Id.* § 51.1-124.23(B). The Court of Appeals has described the Medical Board as "a neutral evaluatory mechanism for the [VRS] to gather and analyze medical opinions and reports." *Cirillo*, 54 Va. App. at 196, 676 S.E.2d at 370.

When the VRS denies an applicant's request for disability retirements, the applicant can appeal to the circuit court and challenge whether the VRS decision has sufficient evidentiary support. Va. Code Ann. § 2.2-4027 (2011). The court's standard of review in considering factual disagreements from an agency record is "whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." *Id.* "Substantial evidence" is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. *Vasaio v. Department of Motor Vehicles*, 42 Va. App. 190, 196-97, 590 S.E.2d 596, 599 (2004). Under this standard, the circuit court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion. *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983).

Though substantial evidence is "more than a mere scintilla," the standard nonetheless requires courts to give great deference to the agency's factual findings. *See id.* at 269, 308 S.E.2d at 125; *Johnson*, 30 Va. App. at 110, 515 S.E.2d at 787. A reviewing court, therefore, may not "merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." *Turner v. Jackson*, 14 Va. App. 423, 430-31, 417 S.E.2d 881, 887 (1992) (citations omitted).

In light of the above principles, the Court will now turn to the agency record in the present case and address whether the VRS decision is supported by sufficient evidence.

On October 7, 2008, Ms. Uss filed for disability retirement with the VRS alleging that she could not continue to perform her duties as an office assistant with the Fairfax County school system due to headaches and cognitive defects caused by fibromuscular dysplasia ("FMD"). Ms.

Uss's request was submitted to the Medical Board. The Medical board, in turn, recommended that the VRS deny Ms. Uss's application because her medical records lacked enough objective documentation to support her claims. Finding the Medical Board's recommendation persuasive, the VRS denied Ms. Uss's request on November 5, 2008.

Unsatisfied with the decision, Ms. Uss filed an appeal with the VRS. Ms. Uss's appeal was submitted to the Medical Board, who again found that her subjective complaints "continue not to be objectively qualified and/ or quantified." The Medical Board further concluded that Ms. Uss was not disabled. Siding with the Medical Board, the VRS denied Ms. Uss's appeal on May 6, 2009.

Thereafter, Ms. Uss filed a second appeal with the VRS. Ms. Uss's second appeal was submitted to an independent hearing officer, Mr. Elsberg, and the Medical Board. The Medical Board again found that Ms. Uss was not "incapacitated for the further performance of her duties." In support of this conclusion, the Medical Board cited specific neurological tests where no significant abnormalities were found. The Medical Board further cited several doctor notes commenting that Ms. Uss is not disabled. Moreover, the Medical Board also concluded that there was inadequate proof that any alleged incapacity would be permanent in nature.

During the Court's hearing, counsel for Ms. Uss briefly argued that the Medical Board used the wrong disability standard in its recommendations to the VRS. The record indicates that the Medical Board did in fact use the wrong standard of "total and permanent disability" in its first two reports. The Medical Board's third and final report dated June 8, 2010, however, used the correct test for disability, "mentally or physically incapacitated from the further performance of her job duties, and this incapacity is likely to be permanent." Accordingly, the Medical Board's use of the wrong standard in the first two reports is harmless error because the third report applied the correct standard and this is the report relied upon by the VRS in its final decision. Furthermore, counsel did not raise this issue in his brief, nor did he contend that it constitutes reversible error during the hearing.

Mr. Elsberg submitted his independent report to the VRS on October 11, 2010, in which he recommended against a disability award. Mr. Elsberg concluded that, although Ms. Uss has FMD, the etiology of her headaches is unclear and there is no definitive diagnosis to establish the cause of these alleged headaches. Moreover, regarding Ms. Uss's claim of cognitive impairment, the evidence indicates she has a normal mental status and no neurological abnormalities. Lastly, Mr. Elsberg concluded that there was insufficient evidence presented that Ms. Uss's alleged disabilities would be permanent in nature. Finding insufficient evidence of the claimed disability's existence, much less permanency, Mr. Elsberg recommended against a disability award.

Based on these recommendations, the VRS denied Ms. Uss's second appeal on October 20, 2010. In the letter to Ms. Uss, the VRS explained that:

> the medical evidence has not satisfied each element of § 51.1-156(E). . . . Specifically, we find that you are not incapacitated for the further performance of duty. However, even if we were to find that you are incapacitated, the medical evidence does not demonstrate that such incapacity is likely to be permanent.

Ms. Uss thereafter filed the current appeal in this Court alleging that the VRS decision is not based on sufficient evidence. Ms. Uss's brief cites a plethora of factual support for her contention that she is permanently disabled and unable to perform her prior job functions. Specifically, Ms. Uss cites a report from her treating physician, Dr. Lipps, in which he identifies Ms. Uss as permanently disabled. Ms. Uss also cites a neuropsychological evaluation done by Dr. Saunders, in which he opined that Ms. Uss is unable to perform her previous occupation. Ms. Uss argues that the VRS ignored medical evidence indicating she is disabled and instead "cherry picked" favorable evidence from the record to arrive at its conclusion.

The record in this case is extensive, and the Court has reviewed it in its entirety. The Court, however, will not set out all of the relevant medical history involved in this case; it is simply not necessary to detail all of the conflicting medical evidence in the record. In sum, Ms. Uss has been diagnosed as suffering from FMD. Ms. Uss claims that the FMD causes her headaches and decreased cognitive function, making it impossible for her to resume working at her prior levels. While Ms. Uss attributes her headaches to FMD, no physician has been able to identify a distinct, discrete cause for her headaches. Indeed, because there has been no affirmative diagnosis for the headaches, Ms. Uss's headaches could be alleviated with medicine or treatment not yet tried. Moreover, while several physicians have determined that Ms. Uss is disabled and unable to perform her job due to the headaches, the medical evidence is not unanimous that her condition will be permanent. Additionally, while several doctors have concluded that Ms. Uss is disabled due to cognitive impairment, these same reports paint the picture of a person with mild impairments who can function normally and has a normal IQ. Furthermore, significant abnormalities have not been detected on any of Ms. Uss's neuropsychological tests.

Ms. Uss argues that the VRS, as well as this Court, should place greater weight on Dr. Lipps' opinion because of his role as her treating physician. Ms. Uss interprets *Johnson v. Virginia Retirement System* to require the application of a "treating physician rule." 30 Va. App. 104, 515 S.E.2d 784. *Johnson*, however, stands for exactly the opposite proposition. In that case, the Virginia Court of Appeals found "no basis" to interpolate

such a requirement into the Virginia Retirement System Act. *Id.* at 111-12, 515 S.E.2d at 788. In contrast to federal disability law, which specifically requires deference to the treating physician, the Virginia statute relies upon the Medical Board to serve as "a neutral evaluatory mechanism" for arbitrating between conflicting medical evidence. *Id.* Accordingly, a treating physician's opinion receives no heightened presumption of correctness in VRS cases. *Id.* at 111-13, 515 S.E.2d at 788-89.

VRS based its decision on the evidence contained in the agency record; this included, Ms. Uss's medical records, the recommendation of Mr. Elsberg, and the recommendations made by the Medical Board. Based on the law that applies to the analysis here, the Court does not have the discretion to review the conflicting medical evidence and select the medical opinion that it finds the most compelling or the most persuasive. Rather, the Court's inquiry is limited to a determination of whether substantial evidence exists to support the decision of the VRS. Here, sufficient relevant evidence is contained in the record that could support the VRS' conclusion. Though the evidence may permit the inference that Ms. Uss suffers from a permanent disability, it does not compel that conclusion. Reasonable people can, and in this case did, reach different conclusions. To be sure, this case provides a textbook example of the kind of case in which the judiciary should take "due account" of the "experience and specialized competence of the agency" charged by the General Assembly with enforcing its statutory policies. *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 160-61, 384 S.E.2d 622, 627 (1989) (citations omitted). Although the Court sympathizes with Ms. Uss's suffering, our judgment is constrained by the stringent standard of review set forth in the APA. Therefore, consistent with the standard set forth in *Virginia Real Estate Commission v. Bias*, the court is unable to conclude that a reasonable mind would necessarily come to a different conclusion than that reached by the VRS. 226 Va. 264, 269, 308 S.E.2d 123. As a result, the Court finds that Ms. Uss has not met her burden of demonstrating an error regarding the "substantiality of the evidentiary support for findings of fact" in accordance with Virginia Code § 2.2-4027.

*Ms. Uss's Second Argument: The VRS "Violated Due Process" by Accepting Evidence from the Independent Hearing Officer, Mr. Elsberg, That Was Gathered in Violation of an Evidentiary Deadline*

In her second argument, Ms. Uss raises an issue of law regarding whether the VRS properly followed an evidentiary deadline. As noted above, issues of law for court review of administrative action include:

(i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction

limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error.

Va. Code Ann. § 2.2-4027 (2011). Although styled as a "violation of due process," Ms. Uss's second argument is more appropriately addressed as an issue of law regarding "observance of required procedure" because it is based on the alleged violation of an evidentiary deadline. However, whether addressed as a violation of due process or a violation of required procedure, Ms. Uss's second argument must fail because the VRS did not violate the evidentiary deadline cited by Ms. Uss.

Ms. Uss's second argument revolves around a June 25, 2009, letter from the VRS to the independent hearing officer, Mr. Elsberg. This letter provides, in part:

> The Virginia Retirement System (VRS) denied Carla Uss's disability retirement application. . . . Please conduct an informal fact-finding proceeding under the Administrative Process Act . . . and provide a recommendation as to whether Ms. Uss qualifies for regular disability retirement benefits. . . .
>
> Ms. Uss may submit additional medical evidence. The record will remain open for the submission of medical evidence until the conclusion of the informal fact-finding proceeding. VRS will not accept, nor should you consider, any information submitted after that date. Any additional medical evidence will be accumulated and submitted to the Medical Board for review and recommendation immediately following the proceeding. I will provide you with a copy of the Medical Board's comments for consideration in preparing your recommendation.

Ms. Uss argues that this letter established an evidentiary deadline whereby Mr. Elsberg could not receive or consider *any* information submitted after the fact-finding hearing. Ms. Uss further claims that this deadline was violated when Mr. Elsberg received a copy of the Medical Board's final report after the hearing. Moreover, according to Ms. Uss, there is no indication Mr. Elsberg excluded this improper report from his recommendation. Thus, Ms. Uss concludes that the VRS "violated due process" by accepting the written recommendation of Mr. Elsberg which did not exclude the improper evidence.

Ms. Uss's argument is premised on her conclusion that the June 25, 2009, letter prohibited Mr. Elsberg from considering the Medical Board's post-hearing report. The Court, however, does not agree with Ms. Uss's interpretation of the letter.

When interpreting a document or statute, the Court must look to the whole text. *See First Am. Bank v. J.S.C. Concrete Constr., Inc.*, 259 Va. 60, 69, 523 S.E.2d 496, 501 (2000) (construing contract documents as a whole, "the court will not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it"); *City of Lynchburg v. English Constr. Co.*, 277 Va. 574, 584, 675 S.E.2d 197, 202 (2009) (noting that statutes should be construed as a whole). Every clause is presumed to have some effect and no part should be considered meaningless unless absolutely necessary. *See First Am. Bank*, 259 Va. at 69, 523 S.E.2d at 501.

Although the third sentence of the second paragraph in the June 25, 2009, letter states that Mr. Elsberg should not consider any information submitted after the hearing date, the last line in this same paragraph specifically states that Mr. Elsberg could consider the Medical Board's post-hearing comments in making his recommendation. Both sentences read together can be given effect. The first sentence is a general rule prohibiting Mr. Elsberg from considering any further medical evidence after the hearing; the latter sentence exempts the Medical Board's comments from this prohibition. Ms. Uss's construction, however, isolates the former sentence from the remainder, and her interpretation would improperly leave the last sentence superfluous. Moreover, a logical reading of the June 25, 2009, letter inescapably leads to the conclusion that Mr. Elsberg could consider the Medical Board's post-hearing report. Thus, the Court does not accept Ms. Uss's proposed interpretation and, instead, concludes that Mr. Elsberg could consider the Medical Board's post-hearing report under the terms of the June 25, 2009, letter.

Accordingly, because the June 25, 2009, letter did not prohibit Mr. Elsberg from considering the Medical Board's report, Ms. Uss's second argument must fail. As a result, the court finds that Ms. Uss has not met her burden of demonstrating that the VRS "violated her due process" in accordance with Virginia Code § 2.2-4027.

For the reasons set forth above, the Court finds that Ms. Uss has not demonstrated an error of law in accordance with Virginia Code § 2.2-4027. Accordingly, her appeal is denied, and the VRS' decision is hereby affirmed.