# CIRCUIT COURT OF THE CITY OF RICHMOND

Lillian M. Turner

v.

Virginia Retirement System

May 30, 2014

Case No. CL10-995

By Judge Melvin R. Hughes, Jr.

The subject case is an appeal of an agency decision of the Virginia Retirement System (VRS), which denied the appellant-applicant's request for disability retirement benefits as a covered employee.

Under Va. Code § 51.1-124.22, the Virginia General Assembly authorizes the VRS Board of Trustees to administer the Virginia Retirement System. The Board, in turn, is authorized to create a medical board which is charged with "review [of] medical reports, examinations, claimant statements" relating to disability claims and must submit "a written report as to its conclusions and recommendations" to the Board. *Virginia Ret. Sys. v. Cirillo*, 54 Va. App. 193, 196 (2009).

Under *Cirillo*, an applicant is entitled to "be informed, briefly and generally in writing, of the factual or procedural basis of an adverse decision." 54 Va. App. at 199. Here, the agency decision, issued by a letter dated January 5, 2009, fails to meet this requirement. Rather, the letter contains a recitation of the standards for which such applications are to be determined under Va. Code § 51.1-156(E) but does not delineate the reasons behind and in support of those standards as basis for the agency rejection.

Second, for reasons mentioned in the appellant's Memorandum in Support of Petition for Appeal, the medical board's assignment of appellant's application to United Review Service for evaluations does not comport with the requirement that the Board may create medical boards to "review[] all reports of medical examinations," "investigat[e]. . . [claimant] statements," relating "to disability retirement" claims . . . and submit a "written report of its conclusions and recommendations" to the Board. Va. Code § 51.1-124.23. Here, there is no indication in the record that the medical board received and then acted on the United Review Service report or that the medical board "appoint[ed] [a] physician[] or other health professional[] to

supplement the medical board membership . . . or . . . serve as [a] substitute[] when members of . . . [the] board cannot serve in their official capacity." Va. Code § 51.1-124.23(A).

Pursuant to *Cirillo*, the case is remanded to the agency for further proceedings. 54 Va. App. 193.