COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

UNPUBLISHED

TOM DAWSON

v.        Record No. 0259-19-2

COUNTY OF HENRICO AND
 VIRGINIA ASSOCIATION OF COUNTIES
 GROUP SELF-INSURANCE RISK POOL

MEMORANDUM OPINION* BY
CHIEF JUDGE MARLA GRAFF DECKER
OCTOBER 22, 2019

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Michael J. Beste (Andrew J. Reinhardt; Reinhardt Harper Davis,
PLC, on brief), for appellant.

Faraaz A. Jindani (Brian A. Richardson; Ford Richardson, P.C., on
brief), for appellees.

Tom Dawson (the claimant) appeals the Workers' Compensation Commission's decision

denying his request for compensation covering home health care for twenty-four hours a day,

seven days a week.  For the reasons that follow, we affirm the Commission's decision.

I.  BACKGROUND[1]

On May 22, 2015, the claimant was injured during a traffic accident that occurred in the

course of his employment.  The Commission awarded the claimant, in pertinent part, benefits for

"reasonable, necessary, causally-related, and authorized medical treatment" for his resulting

injuries.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In appeals from the Commission, we view the "evidence in the light most favorable to
the prevailing part[y] before the Commission," in this case, the employer.  See Carrington v.
Aquatic Co., __ Va. __, __ (July 18, 2019) (alteration in original) (quoting Jeffreys v. Uninsured
Emp'rs Fund, 297 Va. 82, 87 (2019)).

On November 8, 2017, the claimant filed for benefits covering home health care for twenty-four hours a day, seven days a week. He sought for such care to be provided by his fiancée, Indira Merritt, "or at her direction." The employer defended against the claim on the ground that such care was neither reasonable and necessary nor causally related to the work accident.

The deputy commissioner held a hearing to determine whether the claimant qualified for continuous home health care benefits. She specifically noted that the identity of the particular provider of the care was "not a matter before the Commission" at that time. Instead, the sole issue was whether the employer was responsible for home health care twenty-four hours a day, seven days a week.

Dr. James Sellman, a psychiatrist and one of the claimant's authorized treating physicians, described the claimant's behavioral and cognitive impairments resulting from his brain damage caused by his injury. The doctor listed the claimant's ongoing complaints of depression, fatigue, headaches, memory impairment, insomnia, aggression, problems regulating emotions, and cognitive difficulties. He explained that the "real problem" was the claimant's failure to "understand what he needs to do to take care of himself." Sellman added that the claimant could not monitor his own medication intake, drive, go to a store, buy things, manage money, or pay bills.

Dr. Sellman recommended that the claimant receive home health care twenty-four hours a day, every day, for his "medical well-being and safety." However, he clarified that the appellant did not need help for all of that time but simply needed help available. In contrast, one month before his deposition, Sellman indicated that the claimant needed supervision eighteen hours a day, during his waking hours. During the deposition, he acknowledged that the claimant "probably" did not need care "every hour."

The doctor opined that a home health care attendant needed to monitor and supervise the claimant, who might be "explosive," "aggressive," or "paranoi[d]." He believed that the care the claimant required was the type "normally provided by medical personnel" but allowed that it could be provided by a layperson with specialized knowledge. The doctor also opined that the claimant's needs could be met by a trusted individual who could periodically check in with the claimant.

Merritt, the claimant's fiancée, testified at the hearing. She described the claimant's condition and the type of care that she believed that he needed.[2] Merritt opined that he needed care twenty-four hours a day, seven days a week. She stated that the claimant could not drive, handle money, manage his own medications, or prepare meals. Merritt testified that he bathed and brushed his teeth only at her direction. She explained that every day she went to work, the claimant barricaded himself in a room. According to Merritt, the claimant often needed help standing or getting out of bed, but she acknowledged that he was physically capable overall.

The deputy commissioner denied the claimant's request for compensation for continuous home health care. The claimant requested review of the decision.

The Commission affirmed in a split decision. Applying Warren Trucking Co. v. Chandler, 221 Va. 1108 (1981), the Commission held that the requested home care did not qualify as medical attention under the applicable statute. In doing so, the Commission concluded that Sellman's recommendation that the claimant receive home health care twenty-four hours a day, seven days a week was equivocal.

_____

[2] A social worker, Merritt studied behavioral science in college. In addition, Merritt studied graduate level counseling with "mental health specialization," although she did not obtain a graduate degree.

## II.  ANALYSIS

"Whether disputed medical treatment is compensable as 'other necessary medical attention' within the definition of Code § 65.2-603 presents a mixed question of law and fact, which this Court reviews *de novo*."  Cumberland Hosp. v. Ross, __ Va. App. __, __ (Oct. 22, 2019) (quoting Haftsavar v. All Am. Carpet & Rugs, Inc., 59 Va. App. 593, 599 (2012)).  In conducting our review, this Court defers to the Commission in its role as fact finder.  Vital Link, Inc. v. Hope, 69 Va. App. 43, 53 (2018).  A factual finding by the Commission is "conclusive and binding" as long as evidence in the record supports it.  See Jeffreys v. Uninsured Emp'rs Fund, 297 Va. 82, 87 (2019) (quoting Code § 65.2-706(A)).  This principle applies "even [if] there is evidence in the record to support contrary findings."  Id. (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411 (1983)).  In short, "[i]f there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal."  Id. (quoting Caskey, 225 Va. at 411).  The Court does not "retry the facts," reweigh the evidence, or make its own determination of the "credibility of the witnesses."  Id. (quoting Caskey, 225 Va. at 411).  In contrast, "we 'review questions of law *de novo*.'"  Nelson Cty. Sch. v. Woodson, 45 Va. App. 674, 677 (2005) (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127 (1999) (*en banc*)).  As the appellant in this case, the claimant bears the "burden of showing that reversible error was committed" by the Commission in denying his claim for benefits.  See Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012).

Code § 65.2-603 provides, in pertinent part, that "[a]s long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer *and such other necessary medical attention*."  (Emphasis added).  "Ordinarily, nursing services, whether rendered in a hospital or at home, are included among the medical

benefits that an employer and insurer must furnish, provided the services are necessary and authorized." Warren Trucking, 221 Va. at 1115. The claimant "bears the burden of proving by a preponderance of the evidence that a disputed treatment [is] medically necessary." Vital Link, 69 Va. App. at 54 (quoting Advance Auto v. Craft, 63 Va. App. 502, 523 (2014)).

The Commission was unpersuaded by the evidence that Dr. Sellman recommended that the claimant receive care twenty-four hours a day, seven days a week. Although the doctor recommended that the claimant receive home health care twenty-four hours a day, every day, he did not consistently make this recommendation. One month before his deposition, Sellman indicated that the claimant needed supervision eighteen hours a day, during his waking hours. Further, during the deposition, he acknowledged that the claimant "probably" did not need care "every hour." This record supports the Commission's characterization of Sellman's recommendation as equivocal.

The claimant argues that the Commission disregarded Dr. Sellman's unrebutted recommendation that the claimant needed continuous home health care for his safety and well-being. We recognize that "the opinion of the treating physician is entitled to great weight." Berglund Chevrolet, Inc. v. Landrum, 43 Va. App. 742, 753 n.4 (2004) (quoting H.J. Holz & Son, Inc. v. Dumas-Thayer, 37 Va. App. 645, 655 (2002)). Nonetheless, the Commission, acting within its purview as fact finder, was entitled to conclude in the context of all the evidence that Sellman's opinion did not establish that the claimant needed home health care twenty-four hours a day, seven days a week. See United Airlines, Inc. v. Hayes, 58 Va. App. 220, 238 (2011) (noting that the Commission, in its role as finder of fact, "may accept the parts of a witness' testimony it finds believable and reject other parts as implausible" (quoting Moyer v. Commonwealth, 33 Va. App. 8, 28 (2000) (*en banc*))).

The Commission reviewed the claimant's medical records, heard the testimony, and considered Dr. Sellman's deposition. It concluded that the claimant did not sufficiently prove that continuous home health care was necessary medical attention because even his treating physician's recommendation for such, on which the claimant relied, did not establish that he needed a care provider twenty-four hours a day, seven days a week. The record supports the Commission's conclusion.

The claimant also contends that the Commission erred in following the analysis provided in Warren Trucking because the issue in this case was whether home health care was compensable, not whether his fiancée could be paid to provide that home health care. The Supreme Court's four-part test in Warren Trucking applies when a claimant seeks compensation for care rendered by his or her spouse. See Cumberland Hosp., __ Va. App. at __ (holding that Warren Trucking always applies when a claimant seeks compensation for home care rendered by his or her spouse). The factors listed in Warren Trucking "help distinguish between spousal care that is inherent in a marital relationship and spousal care that constitutes necessary medical attention." Id. at __. Here, the Commission found that the claimant did not sufficiently prove that he needed a care provider twenty-four hours a day, seven days a week in the first place. Based on this finding, application of the four-part test in Warren Trucking was unnecessary.[3] Regardless, the Commission's unwarranted application of Warren Trucking to this case "could not have affected the . . . result." See Va. Ret. Sys. v. Cirillo, 54 Va. App. 193, 202 (2009).

---

[3] In light of this conclusion, we do not reach the issue of whether certain pieces of the Warren Trucking analysis may be relevant to determining whether home care qualifies as "other necessary medical attention" under Code § 65.2-603. See generally Orthopaedic & Spine Ctr. v. Muller Martini Mfg. Corp., 61 Va. App. 482, 490 n.6 (2013) ("[A]n appellate court decides cases 'on the best and narrowest ground available.' (quoting Luginbyhl v. Commonwealth, 48 Va. App. 58, 64 (2006) (en banc))); Warren Trucking, 221 Va. at 1116 (requiring, in part, that "the medical attention is performed under the direction and control of a physician").

Therefore, we affirm the Commission's decision.  See K & G Abatement Co. v. Keil, 38 Va. App. 744, 754-55 (2002) (applying harmless error review to a Commission decision).

### III.  CONCLUSION

The record supports the Commission's conclusion that the claimant's treating physician's recommendation, on which he relied, did not establish that home health care twenty-four hours a day, seven days a week, was necessary medical attention.  Consequently, we affirm the decision of the Commission.

Affirmed.