COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Millette* and Retired Judge Olitsky**
Argued at Chesapeake, Virginia


DOCTORS' HOSPITAL OF WILLIAMSBURG, LLC
   AND LTACH @ RIVERSIDE, LLC[1]

                                                    OPINION BY
v.        Record No. 1798-07-1           JUDGE LeROY F. MILLETTE, JR.
                                                    SEPTEMBER 9, 2008
ROBERT B. STROUBE, M.D., M.P.H.,
   STATE HEALTH COMMISSIONER, AND
   SENTARA HEALTHCARE


              FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                          AND COUNTY OF JAMES CITY
                        Richard D. Taylor, Jr., Judge Designate

          Jeannie A. Adams (Paul Walkinshaw; Hancock, Daniel, Johnson & Nagle,
          P.C., on briefs), for appellants.

          Thomas W. McCandlish (Jamie B. Martin; Jeremy A. Ball; McCandlish
          Holton, P.C., on brief), for appellee Sentara Healthcare.

          Matthew M. Cobb, Assistant Attorney General (Robert F. McDonnell,
          Attorney General; David E. Johnson, Deputy Attorney General; Jane D.
          Hickey, Senior Assistant Attorney General, on brief), for appellee Robert
          B. Stroube, M.D., M.P.H., State Health Commissioner.


       Doctors' Hospital of Williamsburg, LLC (Doctors'), submitted a Certificate of Public

Need (COPN) application to the Virginia Department of Health (the Department) and the

appropriate local health planning agency (HPA), Eastern Virginia Health Systems Agency

---

          * Justice Millette prepared and the Court adopted the opinion in this case prior to his
investiture as a Justice of the Supreme Court of Virginia.

          ** Retired Judge Norman Olitsky took part in the consideration of this case by designation
pursuant to Code § 17.1-400(C).

          [1] Appellants will be referred to collectively as Doctors' Hospital of Williamsburg, LLC.

(EVHSA) pursuant to Code § 32.1-102.6(A). Doctors' proposed establishing a 51-bed general acute care hospital in Williamsburg, Virginia. On the same day, LTACH @ Riverside, LLC (LTACH) submitted a COPN application to establish an 18-bed long-term acute care hospital within the proposed Doctors' hospital project. Appellee Sentara Healthcare (Sentara) filed two competing COPN applications to add six medical/surgical beds and six long-term acute care beds to Sentara Williamsburg Regional Medical Center, a new acute care hospital located 12 miles from the proposed Doctors' hospital project.

As all four applications proposed projects involving acute-care beds in the same planning district, the Department accepted them for review as competitors in the same "batch review cycle." The Virginia State Health Commissioner's Adjudication Officer, Douglas R. Harris (the Adjudication Officer), held an informal fact-finding conference (IFFC) and recommended denial of all four COPN applications to Robert B. Stroube (the Commissioner). On March 13, 2006, the Commissioner issued his case decision, adopting the Adjudication Officer's findings and denying all four COPN applications. Doctors' appealed the Commissioner's case decision to the trial court. The trial court affirmed.

On appeal to this Court, Doctors' argues the Commissioner erred by considering a staff report and other evidence submitted by EVHSA that contained information supporting denial of Doctors' COPN application as the Commissioner was required to consider the EVHSA Board's recommendation to be one of approval. Finding no error, we affirm the trial court.

The dispute in this case centers on the Commissioner's consideration of the EVHSA staff report regarding the Doctors' hospital project. The report was prepared by the EVHSA staff and submitted to the Department's Division of Certificate of Public Need (DCOPN) and the EVHSA Board of Directors. After the EVHSA Board met to consider the Doctors' hospital project, the Board sent a letter to DCOPN stating it unanimously voted to recommend denial of the COPN

applications submitted by Doctors', LTACH, and Sentara.  As support for its recommendation, the EVHSA Board's letter cited the reasons stated in the EVHSA staff reports on the proposed projects.  In contrast, after receiving both EVHSA's recommendation and the EVHSA staff report, DCOPN recommended approval of the Doctors' hospital project but denial of Sentara's COPN applications.

The Department determined that an IFFC was necessary, pursuant to Code § 32.1-102.6(D) & (E) and Code § 2.2-4019, to ascertain the pertinent facts.  During the IFFC, 18 witnesses gave evidence, including Paul Boynton, EVHSA Director, who testified in support of denying Doctors' COPN application.  Sentara also presented information in opposition to the Doctors' project and later put the EVHSA staff report in the record without objection.  Doctors' presented EVHSA membership information, showing that at the time of EVHSA's review of the Doctors' hospital project, the EVHSA Board was not properly constituted in accordance with Code § 32.1-122.05(B) and 12 VAC 20-30-50.[2]  Doctors' argued that because of the EVHSA Board's improper constitution, the Commissioner should proceed as though EVHSA had

---

[2] Pursuant to Code § 32.1-122.05(B),

> Each regional health planning agency shall be governed by a regional health planning board to be composed of not more than thirty residents of the region.  The membership of the regional health planning boards shall include, but not be limited to, consumers, providers, a director of a local health department, a director of a local department of social services or welfare, a director of a community services board, a director of an area agency on aging and representatives of health care insurers, local governments, the business community and the academic community.  The majority of the members of each regional health planning board shall be consumers.  Consumer members shall be appointed in a manner that ensures the equitable geographic and demographic representation of the region. . . .

The regulation governing regional health planning boards like EVHSA, 12 VAC 20-30-50, mandates the same composition required by Code § 32.1-122.05(B).

recommended approval of its project without conditions or revision pursuant to Code § 32.1-102.6(B) or "the Commissioner may choose just to disregard any information that's coming from [EVHSA]."[3] In the Adjudication Officer's recommendation to the Commissioner, he stated that "[d]ue to the objection raised by [Doctors'] to the constitution of the EVHSA [B]oard of [D]irectors, . . . that [B]oard's recommendations must be considered to be ones of approval."

The Commissioner's March 13, 2006 case decision denied all four COPN applications and incorporated the Adjudication Officer's recommendation by reference. On appeal to the trial court, Doctors' alleged the Commissioner improperly considered EVHSA's invalid recommendation of denial and the EVHSA staff report in reaching his decision because they contained information contrary to a recommendation of approval.[4] Finding no error, the trial court affirmed the Commissioner's case decision as the Commissioner considered EVHSA's recommendation to be one of approval, the EVHSA staff report was properly in the agency record; the Commissioner had authority to consider the EVHSA staff report, and the Commissioner had discretion in what weight to assign the EVHSA staff report. This appeal by Doctors' followed.

---

[3] Recognizing the novelty of this issue and expressing uncertainty as to the appropriate remedy, Doctors' asserted at the IFFC that the Adjudication Officer would have to consult with the Attorney General's Office, which represents the Commissioner, on how to proceed when a regional health planning board is improperly constituted.

[4] Doctors' further argued the Commissioner's factual findings were not supported by substantial evidence. On appeal to this Court, Doctors' contends the Commissioner's erroneous consideration of evidence submitted by EVHSA served to undermine the substantiality of the evidentiary support for his factual findings. Doctors' substantial evidence argument derives from its allegations of error committed by the Commissioner. As we find no error, we decline to consider Doctors' derivative substantial evidence argument.

<u>EVHSA Board's Composition and the Commissioner's Duty to Treat EVHSA Board's</u>
<u>Recommendation as one of Approval</u>

Pursuant to Code § 32.1-102.3(B)(1), the Commissioner was required to consider the recommendation of EVHSA as "the appropriate health planning agency" involved in the review of Doctors' COPN application.  However, due to the EVHSA Board's improper constitution, EVHSA lacked the power to make a legally valid recommendation to the Commissioner.  As an invalid recommendation is the equivalent of no recommendation in the COPN review process, Code § 32.1-102.6(B) applied and required the Commissioner to consider EVHSA's recommendation to be one of approval without conditions or revision.[5]

While these issues were argued at the agency and trial court levels, they are not being contested on appeal.  Sentara and the Commissioner do not deny that the EVHSA Board was improperly constituted nor that the Commissioner therefore had a duty to treat the EVHSA Board's recommendation as one of approval.  Thus, we proceed as though the EVHSA Board was improperly constituted in violation of the governing statute and regulation.

<u>EVHSA Staff Report was Properly in the Agency Record</u>

On brief, Doctors' conceded the EVHSA staff report was properly included in the agency record:  "Sentara Healthcare incorrectly states that [Doctors'] argues the EVHSA's staff report

---

[5] Code § 32.1-102.6(B) provides:

> If the health planning agency has not completed its review within the specified 60 calendar days or such other period in accordance with the applicant's request for extension and submitted its recommendations on the application and the reasons therefor within 10 calendar days after the completion of its review, the Department shall, on the eleventh calendar day after the expiration of the health planning agency's review period, *proceed as though the health planning agency has recommended project approval without conditions or revision*.

(Emphasis added).

should never have been included in the record. [Doctors'] makes no such argument. The EVHSA staff report is in the record, and it should be so . . . ." "[Doctors'] has never objected to the inclusion of the staff report in the record. . . . It has never been [Doctors'] position that the EVHSA staff report should not be included in the record." We therefore consider the EVHSA staff report to be an appropriate part of the agency record in light of Doctors' concession and the requirement imposed by 12 VAC 5-220-60 that "staff evaluations and reports . . . utilized or received by the commissioner during the review of a medical care facility project shall become part of the official project record maintained by the Department . . . ."

### The Commissioner Did Not Err by Considering the EVHSA Staff Report, Boynton's IFFC Testimony, and EVHSA's Post-IFFC Submissions

On appeal from an administrative agency's decision, "[t]he burden shall be upon the party complaining of an agency action to designate and demonstrate an error of law subject to review by the court." Code § 2.2-4027.

> When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.

Id. Under this standard of review, this Court will reject an agency's factual findings "'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" Tidewater Psychiatric Inst. v. Buttery, 8 Va. App. 380, 386, 382 S.E.2d 288, 291 (1989) (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). "Substantial evidence" refers to "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Bio-Medical Applications of Arlington, Inc. v. Kenley, 4 Va. App. 414, 427, 358 S.E.2d 722, 729 (1987) (quoting Bias, 226 Va. at 269, 308 S.E.2d at 125). Upon review of the agency's action, Code § 2.2-4027 requires this Court to "take

- 6 -

due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

> [W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts[, and] . . . "judicial interference is permissible only for relief against the arbitrary or capricious action that constitutes a clear abuse of the delegated discretion. The reviewing judicial authority may not exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function."

Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 244, 369 S.E.2d 1, 8 (1988) (quoting Va. Alcoholic Beverage Control Comm'n v. York St. Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979)).

Doctors' argues the Commissioner failed to proceed as though EVHSA recommended approval of Doctors' COPN application by considering the EVHSA staff report, Boynton's IFFC testimony, and EVHSA's post-IFFC submissions.[6] Doctors' contends that in order to proceed as though EVHSA recommended approval, the Commissioner must act like "the agency as a whole recommended approval" and therefore assign no weight to the EVHSA staff report, which the EVHSA Board relied upon when it voted to recommend denial of Doctors' COPN application. However, Doctors' cites to no authority that prohibits the Commissioner from utilizing evidence properly in the record.

---

[6] Our analysis applies equally to the EVHSA staff report, Boynton's IFFC testimony, and EVHSA's post-IFFC submissions, as they comprise the same evidentiary matter involving the Commissioner's consideration of the EVHSA staff report. Doctors' objects to Boynton's testimony at the IFFC and post-IFFC submissions as "indistinguishable from the official (but legally invalid) EVHSA recommendation of denial which relied upon the information and analysis contained in the EVHSA staff report.

Code § 32.1-102.6(B) does not bar the Commissioner from considering a health planning board's staff report that is contained in the Department's official project record in compliance with 12 VAC 5-220-60. The trial court correctly held, "there is nothing in the law that prohibits the consideration of the staff report when the board is unable to issue a recommendation within the 60 days [of the batch review cycle]. Accordingly, . . . the law does not preclude consideration of the staff report when the board is improperly constituted." The statutory scheme and regulations governing the COPN review process contemplate the Commissioner's review of an extensive record upon which he can make a public need determination. Code § 32.1-102.3 requires the Commissioner to consider 20 factors in determining whether an applicant has demonstrated public need for a proposed project. One of these 20 factors is the recommendation and reasons therefor of the appropriate HPA. At the conclusion of the IFFC, the Adjudication Officer addressed these factors when he instructed counsel:

> One final thing, I think I have said this before, but I want to emphasize it. When you do your proposed findings and conclusions, I would like those to be directly related to the 20 considerations that are in the law, and I would like that submittal to reflect the culmination of your proposal and the discussion of the proposal. . . . It really will help me out if I can isolate that along with the transcript as my major guides going through what is really going to be a pretty voluminous record, more voluminous than is typical . . . .

The IFFC transcript alone ran 276 pages. During an IFFC, evidence is let in broadly, and the only prerequisite to the Commissioner's consideration of information in the agency record is that applicants have notice of the information. Code 2.2-4019; 12 VAC 5-220-60. It is undisputed that Doctors' had notice of the EVHSA staff report and the opportunity to rebut the information it contained.

Further, Doctors' concedes the Commissioner has broad discretion in his review of the agency record. At the IFFC, Doctors' counsel recognized, "the Commissioner *may choose* just

to disregard any information coming from [EVHSA]." (Emphasis added.) Later, in Doctors'

Proposed Findings of Fact, Conclusions of Law and Closing Arguments to the Department,

Doctors' stated:

> The recommendation of the staff does not constitute the
> recommendation of a Board, nor in this case could the members
> who voted, [sic] formulate an official recommendation since the
> [EV]HSA Board does not have the required statutory composition
> and representation. *At a minimum, the Commissioner should
> provide no weight to the staff's recommendation . . . .*

(Emphasis added.) By making these assertions, Doctors' acknowledged the discretionary power

vested in the Commissioner to review and assign weight to evidence properly in the agency

record.

The General Assembly has granted the Commissioner broad discretion in rendering case

decisions. Johnston-Willis, Ltd., 6 Va. App. at 244, 369 S.E.2d at 8. The Commissioner's

determination that the EVHSA staff report was relevant to understanding public need lies within

an area of his experience and specialized competence and therefore, is entitled to great deference.

In reaching his case decision, the Commissioner properly adopted the Adjudication Officer's

findings, which were formulated after review of the EVHSA staff report's "objective data and

information" and "careful analysis from a regional perspective" that were reliable for

"informational or analytical purposes" and to "corroborat[e] findings and conclusions drawn

from the independent, adjudicatory process of review [the Adjudication Officer had] conducted."

Clearly, the EVHSA staff report contained a wealth of useful data, background information, and

statistics that the Commissioner appropriately gave due consideration to prior to reaching his

decision. Additionally, the Adjudication Officer addressed Doctors' objection to reliance upon

the EVHSA staff report, stating:

> Due to the objection raised . . . to the constitution of the EVHSA
> board of directors, I believe that board's recommendations must be
> considered to be ones of approval. While HPA board

recommendations, in general, are normally indicative of a regional perspective, any contention that such recommendations are binding on the Commissioner or that they somehow suspend his obligation to conduct thorough, independent analysis of COPN applications is inconsistent with the law. The recommendations of HPAs are but one of twenty statutory considerations considered in rendering adjudicatory recommendations and making a Commissioner's decision. Regardless, the EVHSA staff reports are properly in the record, as is an HPA staff report in the matter of any COPN application, regardless of whether the HPA board involved makes a recommendation conflicting with its staff's report and recommendation.

## Conclusion

Due to the improper constitution of the EVHSA Board, the Commissioner was required to consider the Board's recommendation to be one of approval. The Commissioner's reliance on information and analysis contained in the EVHSA staff report did not violate this duty. The EVHSA staff report was properly in the administrative record; therefore, in accordance with the legislature's intent, the Commissioner had wide discretion in determining the weight to give the staff report in reaching his decision. Doctors' has not shown that the Commissioner abused this delegated discretion. Further, with substantial evidence in the agency record to support the Commissioner's decision, which fell within the specialized competence of the agency and was neither arbitrary nor capricious, we affirm the trial court's judgment.

Affirmed.