UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia

JONATHAN CLARK
  AND CAROLYN CLARK

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1537-16-4                       JUDGE ROSEMARIE ANNUNZIATA
                                                    AUGUST 15, 2017

VIRGINIA DEPARTMENT OF HOUSING & COMMUNITY
  DEVELOPMENT STATE BUILDING CODE TECHNICAL
  REVIEW BOARD AND ELIZABETH PERRY, PROPERTY MAINTENANCE
  CODE OFFICIAL FOR FAIRFAX COUNTY

                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Daniel E. Ortiz, Judge

           Craig J. Blakeley (Kathleen M. McDermott; Alliance Law Group
           LLC, on brief), for appellants.

           Justin I. Bell, Assistant Attorney General (Mark R. Herring,
           Attorney General; John W. Daniel, II, Deputy Attorney General;
           Kristina Perry Alexander, Senior Assistant Attorney General &
           Section Chief, on brief), for appellee Virginia Department of
           Housing & Community Development State Building Code
           Technical Review Board.

           Cherie L. Halyard, Assistant County Attorney (Elizabeth D. Teare,
           County Attorney; T. David Stoner, Deputy County Attorney, on
           brief), for appellee Elizabeth Perry, Property Maintenance Code
           Official for Fairfax County.


       Appellants Jonathan and Carolyn Clark, pursuant to the Virginia Administrative Process

Act, challenge the decision of the circuit court affirming the ruling of the Technical Review

Board (TRB).  The TRB upheld the findings of the Fairfax County Department of Code

Compliance (DCC), which had issued notice to appellants for seven violations of the Uniform

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Statewide Building Code (USBC) at their property in Annandale, Virginia. Appellants contend the notice of violations (NOV) infringed their procedural due process rights because the notice was overbroad and contained inaccurate information about the alleged deficiencies.[1] We affirm the circuit court's ruling.

Background

On April 9, 2014, two DCC inspectors went to appellant's residence to investigate complaints of multiple occupancy and USBC violations. They took photographs of the property from the street and continued to take photographs as they entered the property via the driveway. Mr. Clark exited the house and began talking with the inspectors, who explained the reason for their visit. The inspectors discussed the condition and maintenance of the property with Mr. Clark and then left the premises.

The next day, DCC issued appellants the NOV, listing seven areas of concern. The NOV advised appellants a civil penalty of $700 would be assessed and informed them of their right to appeal. Appellants appealed to the Fairfax County Board of Building Code Appeals, which denied the appeal. They then appealed to the TRB, which held an informal fact-finding conference in preparation for the hearing to be held on June 19, 2015. At the conference, the

---

[1] Appellants also asserted in their petition for appeal that the DCC inspectors searched their residential property in violation of the Fourth Amendment and, thus, the evidence of the observed violations should have been suppressed. The TRB concluded that Code § 36-105 had not required DCC to obtain a search warrant. Appellants' appeal of the TRB ruling to the circuit court was consolidated with appellants' appeal of the ruling of the Fairfax County Zoning Board, which raised the same Fourth Amendment issue. The circuit court ruled that the exclusionary rule did not apply to civil proceedings and also that Code § 36-105 had not been violated. Appellants appealed the ruling of the Zoning Board to the Supreme Court of Virginia, which refused the petition for appeal on March 3, 2017 (Record No. 161151). At oral argument in this Court, appellants' counsel stated that appellants had not appealed the ruling of the TRB that DCC's entry onto appellants' property was permissible under Code § 36-105 and that they were no longer pursuing their Fourth Amendment claim. Because appellants have abandoned their first and second assignments of error, we need not consider them. The only issue remaining before this Court is whether the notice of violations complied with due process requirements.

investigators provided specific details about the cited violations, and after the conference, the

TRB staff prepared a memo summarizing the clarifications, as follows:

> **VMC § 302.5** - This cited violation is for a hole in the siding on the gable end of the house that has the meter base and is to the right of the upper window.
>
> **VMC § 302.7** -This cited violation is for a section of fence on the ground on the right side (when facing the front) of the garage and for pickets in the section of the fence on the left side of the garage either missing or in disrepair.
>
> **VMC § 304.1** -This cited violation is for a hole in the right side (when facing the front) of the garage. In addition, this cited violation is for the following missing or deteriorated components: fascia board on the front of the house; trim on the door frame around the garage door; window sill on the upper window of the gable end of the house that has the meter base; siding under the front door sill; side trim and sills on both front dormer windows; and, soffit on back dormer (pulled away and hole).
>
> **VMC § 304.13** - This cited violation is for the same conditions specified under the cited violation for VMC § 304.1.
>
> **VMC § 304.2** - This cited violation is for the all the exterior wooden parts of the house and garage needing to be scraped and painted.[2]
>
> **VMC § 304.6** - This cited violation is for the same exterior walls conditions specified under the cited violation for VMC § 304.1.
>
> **VMC § 304.7** -This cited violation is for a hole in the roof of the garage which was covered by a tarp.[3]

The TRB issued its opinion on August 21, 2015. The TRB rejected appellants' claim that

they had received inadequate notice of the violations, as the NOV cited the appropriate VMC

---

[2] Appellants contended in the circuit court that this violation was based on incorrect facts. The circuit court upheld the finding of the TRB regarding the violation. In their appeal to this Court, appellants have not contested the circuit court's ruling regarding this specific violation. Rather, they generally assert that the NOV contained inaccurate information about all the violations.

[3] Appellants do not discuss this violation in their brief.

sections and indicated the remedial work to be done. The TRB further stated that "any confusion" appellants had about the violations "was eliminated" at the informal fact-finding conference. The TRB noted that the violations did, "in fact, exist," as appellants had not provided any substantive arguments at the hearing to refute that finding.

Appellants appealed the TRB decision to the circuit court, which determined that appellants had received adequate notice of the violations and were afforded an opportunity to present their objections. The court further noted that appellants had not yet had "any punishment steps taken against them" as a result of the violations. The court affirmed the decision of the TRB, finding there was "no error of law" and that "substantial evidence" existed in the record to support the decision.[4]

Analysis

When a party appeals an agency action under the Virginia Administrative Process Act, he must demonstrate error subject to review. See Code § 2.2-4027. The role of the circuit court in such an appeal "is equivalent to an appellate court's role in an appeal from a trial court." Virginia Bd. of Med. v. Hagmann, 67 Va. App. 488, 499, 797 S.E.2d 422, 427 (2017) (quoting Comm'r v. Fulton, 55 Va. App. 69, 80, 683 S.E.2d 837, 842 (2009)). Code § 2.2-4027 provides that the reviewing court may examine the agency decision for "(i) accordance with constitutional right," "(ii) compliance with statutory authority," "(iii) observance of required procedures where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact."

---

[4] The TRB found the violations did in fact exist because appellants provided no substantive evidence to rebut them. Appellants conceded at oral argument that they had presented no substantive evidence to rebut the cited violations and also acknowledged that the noted deficiencies in fact existed. Thus, we do not address the substantiality of the evidence to support the violations.

Questions of law are reviewed *de novo*. See Code § 2.2-4027; see Va. Ret. Sys. v. Blair, 64 Va. App. 756, 763, 772 S.E.2d 26, 29 (2015). Subsidiary factual findings are reviewed "in the light most favorable to sustaining the agency's decision," Blair, 64 Va. App. at 770, 772 S.E.2d at 32, and deference is given to the "agency's expertise in a specialized field," Ga.-Pac. Corp. v. Robinson, 32 Va. App. 1, 4, 526 S.E.2d 267, 268 (2000) (quoting Metro. Cleaning Corp. v. Crawley, 14 Va. App. 261, 266, 416 S.E.2d 35, 38 (1992)). Determinations regarding credibility are assessed under the same standard. See Fulton, 55 Va. App. at 80, 683 S.E.2d at 842. The agency's factual findings may be rejected "only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion." Blair, 64 Va. App. at 765, 772 S.E.2d at 30 (quoting Doctors' Hosp. of Williamsburg, LLC v. Stroube, 52 Va. App. 599, 607, 665 S.E.2d 862, 865 (2008)).

Appellants contend the NOV did not satisfy procedural due process because the notice was overbroad and contained inaccurate information. The right to due process guarantees "that no person shall be deprived of life, liberty or property without due process of law." Jackson v. W., 14 Va. App. 391, 405, 419 S.E.2d 385, 393 (1992). "Due process analysis involves a two-part inquiry. First, there must be a deprivation of a liberty or property interest. Then, 'once it is determined that due process applies, the question remains what process is due.'" Id. at 406, 419 S.E.2d at 393-94 (quoting Klimko v. Va. Emp't Comm'n, 216 Va. 750, 756, 222 S.E.2d 559, 565 (1976)); accord Carter v. Gordon, 28 Va. App. 133, 145, 502 S.E.2d 697, 703 (1998).

Appellants, however, cannot meet the first prong of the analysis. They did not raise the issue of deprivation of a protected interest in their opening brief.[5] Rule 5A:20(e) provides that

---

[5] We note that when appellants contested the adequacy of the notice at the TRB hearing, the TRB found the notice was sufficient, but did not make a specific finding regarding "due process." At the circuit court appeal of the TRB ruling, the court questioned whether appellants' due process rights were invoked because no "punishment steps [had been] taken against them," but concluded it did not need to further address that issue. The court found that the NOV did not

- 5 -

the opening brief must contain "the argument (including principles of law and authorities) relating to each assignment of error." Failure to comply with the rule "results in waiver of the arguments the party failed to make." John Crane, Inc. v. Hardick, 283 Va. 358, 376, 722 S.E.2d 610, 620 (2012).

Furthermore, when the issue of deprivation, or its absence, arose at oral argument, the parties acknowledged there was no enforcement action pending against appellants, but that such action was not foreclosed. Appellants argued that requiring enforcement of the notice before a challenge could be made would operate to the detriment of property owners who had to defend against violations. Potential deprivation does not establish a due process violation, as speculation of adverse consequences at some later date is insufficient to establish deprivation of a liberty or property interest. See Gordon, 28 Va. App. at 147, 502 S.E.2d at 704 (rejecting as speculative defendant's assertion that decision by local department of social services that allegation of child sexual abuse was a "founded" complaint would disqualify him from future employment as a teacher); Jackson, 14 Va. App. at 410-11, 419 S.E.2d at 396-97 (holding that defendant's speculation that a "founded" complaint of child abuse would possibly damage his reputation and employment opportunities was "not sufficient to trigger due process").

We note that even if appellants were entitled to due process, they received all the process they were due. See Gordon, 28 Va. App. at 147, 502 S.E.2d at 704 (finding that applicable administrative procedures had been followed and stating that "[i]f Gordon was entitled to due process, he received all that he was due"); Jackson, 14 Va. App. at 411-12, 419 S.E.2d at 397 (noting that "even if W. were entitled to due process, he has been given all the process he is

_____

violate appellants' due process rights because the notice "apprise[d] [appellants] of the pendency of the action and afforded them an opportunity to present their objections."

- 6 -

due," as he was given notice of the abuse allegations and the opportunity to be heard at an administrative hearing).

Appellants argue that because the DCC inspectors obtained particular facts about each violation during their initial visit to the property, the NOV should have contained that detailed information and the specific actions needed to remedy the deficiencies, as required by the DCC Code Investigation Handbook. The mere failure to comply with the DCC handbook does not create a due process violation. "It is possible for a state agency to fail to adhere strictly to its regulations without violating the constitutional right to due process." Lee v. City of Norfolk, 281 Va. 423, 435, 706 S.E.2d 330, 336 (2011) (rejecting building owner's argument that he had been denied due process because the letter he received from the city, which advised him his building would be demolished, cited a nonexistent section in the building code and gave him a shortened time period to appeal).

Whether due process has been satisfied is a flexible concept, considering its appropriateness to the nature of the case. See Occoquan Land Dev. Corp. v. Cooper, 289 Va. 363, 368, 389 S.E.2d 464, 467 (1990). Due process requires, at a minimum, that "interested parties" be given "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections." Lee, 281 Va. at 435, 706 S.E.2d at 336 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Here, the NOV described the violations and stated the applicable VMC code sections. The informal fact-finding conference before the TRB provided appellants clarification regarding the violations. The NOV informed appellants of their appeal rights, and appellants availed themselves of those rights. Accordingly, even assuming appellants suffered some

deprivation of a protected interest, the NOV was "constitutionally adequate." <u>Jackson</u>, 14

Va. App. at 412, 419 S.E.2d at 397.

<u>Affirmed.</u>